**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOSEPH AARON CIGLER TRUST,

    Plaintiff,

v.                                                                                                                  CV No. 20-1206 CG

PAUL L. HANSON,

    Defendant.

**MEMORANDUM OPINION AND ORDER FOR AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's *Response to Order to Show Cause* (the "Response"), (Doc. 6), filed December 3, 2020.

**I.   Procedural Background**

The Complaint in this case was filed by Joseph A. Cigler, who is Plaintiff's Trustee. (Doc. 1). Plaintiff Trust is not represented by an attorney. On November 19, 2020, the Court filed an Order to Show Cause, notifying the Trust that Mr. Cigler cannot represent Plaintiff Trust because Mr. Cigler is not an attorney authorized to practice in this Court. *See* (Doc. 4) (quoting D.N.M.LR-Civ. 83.7 ("A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court")). The Court ordered Plaintiff Trust to have an attorney authorized to practice in this Court enter his or her appearance, or show cause why the Court should not dismiss Plaintiff Trust's claims without prejudice for failure to comply with the District of New Mexico's Local Rule of Civil Procedure that a corporation, partnership or business entity other than a natural person can appear only with an attorney. (Doc. 4).

**II.   Plaintiff's Response**

Plaintiff Trust did not have an attorney authorized to practice in this Court enter an appearance. Instead, on December 3, 2020, Mr. Cigler filed his *Response to Order to*

*Show Cause* (the "Response"), (Doc. 6). In his Response, Mr. Cigler asserts Plaintiff Trust "is not a 'Corporation', 'Partnership' or Business' entity," it is a "Church," "and therefore the D.N.M.LR-Civ 83.7 does not apply." (Doc. 6 at 1). The Court's Local Rule, D.N.M.LR-Civ 83.7, applies because Plaintiff Trust is not "a natural person."

Mr. Cigler cites Fed. R. Civ. P. 17(a) which provides: "An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought … a trustee of an express trust." Mr. Cigler's reliance on Rule 17(a) is misplaced. "Rule 17(a) authorizes a trustee of an express trust to sue on behalf of the trust, without joining persons 'for whose benefit the action is brought;' the rule does not warrant the conclusion that a nonlawyer can maintain such a suit *in propria persona*." *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 698 (9th Cir. 1987); *U.S. v. Bates*, 999 F.2d 544 (9th Cir. 1993) (stating "In *C.E. Pope Equity Trust,* we held that while Rule 17(a) authorizes a trustee of an express trust to sue on behalf of the trust without joining the trust beneficiaries, it does not authorize the trustee to proceed pro se").

Mr. Cigler also cites 28 U.S.C. § 1654 which states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively are permitted to manage and conduct causes therein." "The right to proceed pro se in a civil action in federal court is guaranteed by 28 U.S.C. § 1654. [B]ecause pro se means to appear for one's self, [however,] a person may not appear on another person's behalf in the other's cause[;] rather, a person must be litigating an interest personal to him." *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011). The record does not identify the beneficiaries of Plaintiff Trust. If there are other beneficiaries of Plaintiff Trust, then Mr. Cigler, as Trustee, cannot be viewed as a

"party" conducting his "*own* case personally" within the meaning of Section 1654, because the outcome of this action could affect the interests of the other beneficiaries. *See C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (holding that the trustee was not the beneficial owner of the trust's claims and, therefore, the trustee could not be viewed as a "party" conducting his "own case personally" within the meaning of section 1654).

### III.     The Complaint

The Complaint asserts 26 causes of action, several of which fail to state a claim upon which relief can be granted because they are based on alleged violations of criminal statutes. *See* 4th, 5th, 6th, 24th, and 25th Causes of Action; (Doc. 1 at 6-9). "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed. Appx. 414, 415-416 (10th Cir. 2003); *Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

The remaining causes of action assert that Defendant violated various sections of the Internal Revenue Code and "US Tax Court Order 6371-20." Plaintiff seeks a "full refund with interest of all monies taken." (Doc. 1 at 10).

> Section 7422(a) [26 U.S.C. § 7422, Civil actions for refund] of the Internal Revenue Code provides:
>
>> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary in pursuance thereof.
>
> Filing a timely tax refund claim with the IRS is a jurisdictional prerequisite to maintaining a tax refund suit. *United States v. Dalm,* 494 U.S. 596, 601–02, 110 S.Ct. 1361, 1364–65, 108 L.Ed.2d 548 (1990).

*Angle v. United States*, 996 F.2d 252, 253-254 (10th Cir. 1993).

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988)). Plaintiff Trust has not shown that the Court has jurisdiction over this matter because the Complaint does not allege that Plaintiff Trust has filed a claim for a refund with the Secretary. *See* (Doc. 1).

The Court grants Plaintiff Trust an opportunity to file an amended complaint. The amended complaint must contain allegations identifying all the beneficiaries of Plaintiff Trust and establishing the Court's jurisdiction over Plaintiff Trust's claims. Plaintiff Trust must also file documentation identifying all the beneficiaries of the Trust and, if Plaintiff Trust filed a claim with the IRS, a copy of Plaintiff Trust's claim for a refund.

### IV.   Compliance with Rule 11

While the Court will permit Plaintiff to file an amended complaint, he must do so consistent with Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of

the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff Trust shall, by no later than **Monday, January 11, 2021**, file an amended complaint and supporting documentation. Failure to timely file an amended complaint and supporting documentation may result in dismissal of this case.

**IT IS SO ORDERED**.

THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE