IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH AARON CIGLER TRUST,

      Plaintiff,

v.                                                                                                No. 1:20-cv-01206-JCH-CG

PAUL L. HANSON,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO RECONSIDER**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Request for Finding of Facts and Conclusions of Law Pursuant to the Rules of Equity and the Judiciary Act of 1875, Doc. 13, filed March 1, 2021 ("Motion to Reconsider").

The Complaint in this case was filed by Joseph A. Cigler, who is Plaintiff's Trustee. Plaintiff Trust is not represented by an attorney. The Court notified Plaintiff Trust that Mr. Cigler cannot represent Plaintiff Trust because Mr. Cigler is not an attorney authorized to practice in this Court, and ordered Plaintiff Trust to file an amended complaint contains allegations identifying all the beneficiaries of Plaintiff Trust. *See* Doc. 7, filed December 17, 2020. The Court also notified Plaintiff Trust that failure to timely file an amended complaint may result in dismissal of this case. The Court dismissed this case without prejudice because Plaintiff Trust did not file an amended complaint identifying all the beneficiaries of the Trust. *See* Doc. 9, filed January 29, 2021 ("Dismissal Order").

Mr. Cigler subsequently moved the Court to state its findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52. *See* Doc. 11, filed February 16, 2021. The Court denied Mr. Cigler's motion for findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52 because

this case was not "tried on the facts without a jury."  Doc. 12, filed February 19, 2021 (quoting Fed. R. Civ. P. 52(a)(1) ("In an action tried on the facts without a jury ... the court must find the facts specially and state its conclusions of law separately")).

Mr. Cigler now "grants jurisdiction to this court under the rules of equity and request's [sic] the previous dismissal order be vacated and the plaintiff allowed the right to proceed pursuant to the rules of equity and law."  Motion to Reconsider at 2.

The Court denies Mr. Cigler's Motion to Reconsider.  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Mr. Cigler does not argue that there has been an intervening change in the controlling law or that there is new evidence that was previously unavailable.  Nor has he shown the need to correct clear error or prevent manifest injustice.  Mr. Cigler asks the Court to vacate its Dismissal Order "pursuant to the rules of equity and the Judiciary Act of 1875."  *See* 18 Stat. 470 (the Judiciary Act of 1875, which was enacted "[t]o determine the jurisdiction of circuit courts of the United States, and to regulate the removal of causes from State courts, and for other purposes," has been codified and revised in Title 28, United States Code, Judiciary and Judicial Procedure).  Mr. Cigler does not identify the specific rules of equity or the specific provisions of Title 28 upon which he bases his Motion to Reconsider.  "[T]he court will not construct arguments or theories for a pro se litigant."  *Biogenics, Inc. v. Kazen*, 6 Fed.Appx. 689, 692 (10th Cir. 2001); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant").

**IT IS ORDERED** that Plaintiff's Request for Finding of Facts and Conclusions of Law Pursuant to the Rules of Equity and the Judiciary Act of 1875, Doc. 13, filed March 1, 2021, is **DENIED.**

_____
SENIOR UNITED STATES DISTRICT JUDGE